UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOLIET NELSON, Jr.,

        Petitioner,        Case No. 1:08-cv-1147

v.        Honorable Robert Holmes Bell

MARY BERGHUIS,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because Petitioner's claims are waived.

**Factual Allegations**

Petitioner is incarcerated in the West Shoreline Correctional Facility. On August 7, 2006, Petitioner was arraigned in the Berrien County Circuit Court on one count of second-degree home invasion in Case No. 2006404152-FH. (*See* Berrien County Case Record, docket #1-2.) Petitioner was released on bond. A preliminary examination was scheduled for August 17, 2006, but was adjourned to be combined with Case No. 2006404233. (*Id.*) At a hearing on August 22, 2006, Petitioner waived the preliminary examination and pleaded guilty to one count of third-degree home invasion in Case No. 2006404233. (*Id.*) On September 18, 2006, the trial court sentenced Petitioner to imprisonment of twenty-three to sixty months. (*Id.*) The Michigan Court of Appeals and the Michigan Supreme Court denied his applications for leave to appeal on December 3, 2007 and April 28, 2008, respectively.

Petitioner now raises the following four grounds for habeas corpus relief: (1) the prosecutor engaged in misconduct by asking for an adjournment of the preliminary examination without good cause after the complaining witness failed to appear to testify; (2) the trial court abused its discretion and violated MICH. COMP. LAWS § 768.2 by granting an adjournment of the preliminary examination without a showing of good cause by the prosecutor; (3) the trial court violated MICH. COMP. LAWS § 766.4 by failing to hold a preliminary examination within fourteen days of Petitioner's arraignment; and (4) Petitioner's defense counsel was ineffective when she failed to present witnesses at the preliminary examination, and failed to object to the adjournment of the preliminary examination and move for dismissal of the charges against Petitioner. Petitioner presented the same four claims in the Michigan appellate courts; therefore, the exhaustion requirement is satisfied. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

**Discussion**

It has long been held that an unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir. 1981). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267. Petitioner does not challenge the jurisdiction of the state courts, nor does he challenge the validity of his guilty plea. Rather, all of Petitioner's claims concern the preliminary examination proceedings, which took place before he pleaded guilty. Thus, Petitioner's claims were waived by his guilty plea and may not be reviewed by this Court.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he waived review of his claims by pleading guilty.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat

anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application because his claims were waived by his guilty plea. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should

be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: December 18, 2008                          /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE